Case 2:19-cr-00251-RAJ   Document 1   Filed 12/06/19   Page 1 of 6

FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 06 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> ARUNKUMAR SINGAL, <br><br> Defendant. | NO. CR19-251 RAJ <br><br> INFORMATION |

The United States Attorney charges that:

**Background**

1. At all times material to this Information the defendant, ARUNKUMAR SINGAL (hereafter "SINGAL"), was an individual residing in the Western District of Washington.

2. Spacelabs Healthcare ("Spacelabs"), located in Snoqualmie, Washington, is in the business of developing, manufacturing, and selling advanced medical equipment.

3. SINGAL was Spacelabs Director of Global Product Support for seven years, until his employment was terminated on April 3, 2018.

4. In 2013, SINGAL was tasked with reselling used medical equipment manufactured by other companies that Spacelabs had collected from clients to whom it

Information/ Singal - 1
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

had sold replacement medical equipment. SINGAL's responsibility was to resell this equipment to the highest bidder, with the proceeds of the sales going to Spacelabs.

5. In December of 2014, SINGAL coordinated a sale of used medical equipment on behalf of Spacelabs to Matrix Medical, a Minnesota company. Matrix Medical paid $60,000 for the equipment. Spacelabs received the full value of this sale and then authorized SINGAL to continue selling, on behalf of Spacelabs, used equipment that Spacelabs obtained in the course of its business operations.

6. In August of 2015, SINGAL established a company, Willow Tree LLC ("Willow Tree"), in Washington State. SINGAL's wife was designated as the president of Willow Tree.

7. C&A Medical is a medical equipment supplier based in Dallas, Texas, that sells new and used medical equipment.

## Count 1

## WIRE FRAUD

8. The allegations set forth in Paragraphs 1 to 7 are re-alleged in their entirety.

9. From on or about August 21, 2015, through on or about January 19, 2019, in the Western District of Washington, and elsewhere, SINGAL devised a scheme to defraud and to obtain money and property from the Spacelabs by means of materially false and fraudulent pretenses, representations and promises.

**A.     The Essence of the Scheme to Defraud**

10. The essence of SINGAL's scheme was to coordinate the sale of Spacelabs' property (used medical equipment) at artificially low prices to C&A Medical, to use Willow Tree (a company controlled by SINGAL) to repurchase the equipment at a pre-arranged ten-percent markup, and then to resell the equipment at a significant profit to Matrix Medical.

11. In executing this scheme, SINGAL concealed the true nature of his actions from Spacelabs and deprived Spacelabs of the true value of the proceeds from the sale of its property and to which it was lawfully entitled.

Information/ Singal - 2
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. In furtherance of this scheme, SINGAL entered into an agreement with C&A Medical for Willow Tree to repurchase medical equipment sold to C&A Medical by Spacelabs (as coordinated by SINGAL in his role as Spacelabs' Director of Global Product Support) at a ten-percent markup. SINGAL then resold the medical equipment to a Matrix Medical for values greatly exceeding that paid to Spacelabs.

13. Throughout this process, SINGAL took affirmative steps to conceal from Spacelabs the fact that SINGAL (through Willow Tree) was the actual recipient of medical equipment. SINGAL never informed Spacelabs that he was receiving a windfall benefit from the resale of the medical equipment.

14. As a direct and proximate result of his scheme to defraud Spacelabs, SINGAL's gain was $780,163.

**B.   Manner and Means of the Scheme**

15. SINGAL used the following manner and means, among others, to accomplish his scheme and artifice to defraud:

16. After the first legitimate sale of used medical equipment to Matrix Medical in December of 2014, and unbeknownst to Spacelabs, SINGAL contacted C&A Medical and arranged for C&A Medical to purchase used medical equipment when offered for sale by Spacelabs. SINGAL and C&A Medical agreed that SINGAL (through Willow Tree) would then re-purchase the equipment from C&A Medical at a ten-percent markup.

17. SINGAL never informed Spacelabs that C&A Medical was simply a "pass through" entity and that SINGAL himself was the ultimate recipient of the used medical equipment.

18. Starting in August 2015, SINGAL arranged for nine sales of batches of used medical equipment from Spacelabs to C&A Medical. These sales were each in the range of $4,100 to $13,000. In all nine deals, SINGAL set the sales price and identified the equipment for sale. The total revenue received by Spacelabs for these nine sales was $59,145.

Information/ Singal - 3
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. Pursuant to the side-deal between Willow Tree and C&A Medical – unreported and unknown to Spacelabs – SINGAL paid C&A Medical a ten-percent markup for the medical equipment described in the previous paragraph. The equipment was then delivered directly to storage locations controlled by Willow Tree.

20. Throughout this process, SINGAL took steps to conceal the fact that he (through Willow Tree) was the actual recipient of medical equipment. For example, when a Spacelabs executive asked SINGAL why the value of these sales was so much less than the value of the sale to Matrix Medical, SINGAL stated that there did not seem to be much interest in the marketplace for the used competitor's equipment and that the used medical equipment was frequently in poor condition. SINGAL assured Spacelabs' management that this was the best price he could obtain in the marketplace for the used equipment.

21. SINGAL – again acting through Willow Tree and without informing Spacelabs – resold the medical equipment he received from C&A Medical to Matrix Medical. In total, C&A Medical purchased used equipment from Spacelabs on nine occasions and immediately re-sold the equipment to Willow Tree. Subsequently, there were six deals in which SINGAL, through Willow Tree, sold used equipment to Matrix Medical. These transactions are summarized in the following table:

| Date | C&A Deals | Willow Tree Deals* | Matrix Deals |
|---|---|---|---|
| 8/21/2015 | $13,000 | $14,300 | |
| 8/28/2015 | | | $140,000 |
| 1/19/2016 | $9,120 | $10,032 | |
| 2/1/2016 | | | $233,874 |
| 3/1/2016 | $7,825 | $8,610 | |
| 3/3/2016 | | | $107,500 |
| 5/25/2016 | $5,375 | $6,250 | |
| 6/20/2016 | | | $134,470 |
| 7/18/2016 | $4,100 | $4,850 | |
| 10/10/2016 | $4,125 | $4,887 | |
| 11/23/2016 | $6,250 | $7,225 | |
| 4/19/2017 | | | $90,000 |
| 7/3/2017 | $4,100 | $4,810 | |
| 11/27/2017 | $5,250 | $6,062 | |
| 1/19/2018 | | | $141,345 |
| Total Items | $59,145 | $67,026 | $847,189 |

*Willow Tree deals occurred within 16 days of C&A deal

Information/ Singal - 4
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22. As a direct and proximate result of his scheme to defraud Spacelabs, SINGAL's gain was $780,163. It is impossible to determine the exact loss to Spacelabs as there exists no complete and accurate record of the used medical equipment that he sold to C&A Medical and then re-sold to Matrix Medical.

23. Substantially all of the profit from the scheme to defraud Spacelabs was diverted directly into personal accounts controlled by SINGAL or to which he had access and control.

**C.    Execution of the Scheme**

24. On or about December 14, 2017, in the Western District of Washington and elsewhere, the defendant, ARUNKUMAR SINGAL, in furtherance of the aforesaid scheme and for the purpose of executing and attempting to execute the aforesaid scheme to defraud Spacelabs Healthcare by means of false and fraudulent pretenses, representations and promises, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals and sounds, that is, the defendant caused Willow Tree LLC to transmit, from Chase Bank in Washington (account ending

//
//
//
//
//
//
//
//
//
//
//
//

Information/ Singal - 5
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in 7612), to Bank of America in Texas, a payment in the amount of $6,062 to the account of C&A Medical (account number ending in 0502).

All in violation of Title 18, United States Code, Section 1343.

DATED this 5th day of December, 2019.

_____
BRIAN T. MORAN
United States Attorney

_____
KATHERYN FRIERSON
Assistant United States Attorney

_____
STEPHEN HOBBS
Assistant United States Attorney

Information/ Singal - 6
USAO 2019R01133

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970